IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAVON J. PATTERSON,

Petitioner,

v.

WARDEN R. KEYES,

Respondent.[1]

OPINION and ORDER

23-cv-534-jdp

---

Travon J. Patterson, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to apply First Step Act time credits entitling him to placement in prerelease custody. I will deny his petition.[2]

I directed the government to respond to Patterson's claim that the BOP refuses to consider applying First Step Act time credits for anyone with a medium PATTERN risk assessment score, even though those inmates could qualify for placement in prerelease custody if the warden determines that the prisoner "would not be a danger to society . . . has made a good faith effort to lower their recidivism risk . . . [and] is unlikely to recidivate." 18 U.S.C. § 3624(g)(1)(D)(i)(II). Patterson contends that the warden and BOP did not attempt to make this assessment, instead flatly denying his petition because he had a medium risk assessment score.

---

[1] At the time that Patterson filed this petition, he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Patterson is now at a Residential Reentry Center outside this district, but this court retains jurisdiction over the case. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

[2] Patterson also filed a motion for an expedited ruling, Dkt. 14, that I will deny as moot.

The government states that Patterson's petition is moot because shortly after I issued my order directing a response, the "unit team" reviewed Patterson's request for the application of his First Step Act time credits and recommended denying it. Dkt. 15. The team recommended denying Patterson's request because his criminal record contained repeated instances of Patterson violating the terms of his previous supervision for state-court convictions, including by possessing drugs, failing to be at his assigned place, failing to maintain contact with his parole officer, violating conditions of furlough, making false statements, and incurring new criminal charges. *Id.* at 3.

The BOP's program statement on implementation of First Step Act time credits states the following:

> Ordinarily, inmates considered inappropriate for early transfer to prerelease custody or supervised release under section (c)(2) include, but are not limited to, inmates who:
>
> . . . .
>
> Have a history of community-based supervision (i.e., probation, parole, supervised release, halfway house, home confinement, etc.) non-compliance to include technical violations, escape, absconding/eluding, and/or new criminal conduct.

BOP Program Statement 5410.01, "First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3624(d)(4)," Section 10.[3] Warden Keyes approved this recommendation by checking the box marked "Agree" on a memorandum about the review. *Id.* at 1.

---

[3] https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

I agree with the government that Patterson's petition is moot because he received the individualized assessment of his request to apply his First Step Act time credits that he contended the BOP was not giving inmates.

In his reply, Patterson argues that the warden's decision is inconsistent with a September 2023 decision the warden made approving him for eventual placement in prelease custody. But Patterson doesn't submit any evidence supporting that assertion, and he didn't raise this issue as a ground for relief in his original petition. *Cf. White v. United States*, 8 F.4th 547, 552–53 (7th Cir. 2021) (arguments raised for first time in reply brief are waived).

In any event, this ground is moot because the only relief that Patterson sought was application of his First Step Act credits to prerelease custody, and the BOP's inmate locator website shows that he is now at an RRC. Patterson did not seek application of those credits toward earlier supervised release, but even if he had, that challenge would fail because inmate must have a minimum or low PATTERN score to apply the credits toward supervised release, *see* 28 C.F.R. § 523.44(d), and Patterson does not challenge the accuracy of his medium score. I will deny his habeas petition.

ORDER

IT IS ORDERED that:

1. Petitioner Travon J. Patterson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED as moot.

2. Petitioner's motion for an expedited ruling, Dkt. 14, is DENIED.

3.  The clerk of court is directed to enter judgment and close this case.

Entered July 12, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge